Scott M. Seidel
SEIDEL LAW FIRM
6505 W. Park Blvd., Suite 306
Plano, Texas 75093
scott@scottseidel.com
PROPOSED GENERAL COUNSEL
FOR THE CHAPTER 7 TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FEJI TRANSPORTERS, LLC | § | CASE NO. 20-31598-SGJ-7 |
| | § | |
| | § | |
| **Debtor** | § | |

### TRUSTEE'S MOTION TO SELL PROPERTY OF THE DEBTOR
### FREE OF ALL LIENS, CLAIMS AND ENCUMBRANCES

     A HEARING MAY NOT BE CONDUCTED HEREON UNLESS A RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING - U.S. COURTHOUSE, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON AUGUST 12, 2020, WHICHIS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.
     ANY RESPONSE MUST BE FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE TO (1) THE DEBTOR AND DEBTOR'S ATTORNEY; (2) THE OFFICE OF THE U.S. TRUSTEE; (3) ANY TRUSTEE AND THE TRUSTEE'S ATTORNEY; (4) THE MEMBERS OF ANY OFFICIAL COMMITTEE, OR THE ATTORNEY FOR ANY OFFICIAL COMMITTEE IF AN ATTORNEY HAS BEEN EMPLOYED; OR IF THERE IS NO COMMITTEE, THE TWENTY (20) LARGEST UNSECURED CREDITORS; (5) ANY PARTY REQUESTING NOTICE; (6) ANY PARTY NAMED ON A COURT-APPROVED ALTERNATIVE SERVICE LIST; (7) THE RESPONDING PARTIES; AND (8) ANY OTHER AFFECTED ENTITY.
     IF NO HEARING ON SUCH NOTICE OR MOTION INITIATING A CONTESTED MATTER IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE STACEY G.C. JERNIGAN, U. S. BANKRUPTCY JUDGE:

COMES NOW, Scott M. Seidel, Chapter 7 Trustee (the **"Trustee"**) in the above-styled and numbered cause, and pursuant to 11 U.S.C. § 363, files this his Motion to Sell Property of the Debtor Free and Clear of all Liens, Claims and Encumbrances (the **"Motion"**), and would respectfully show the Court as follows:

## JURISDICTION

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334 and 157. This Motion is a matter concerning the administration of the Estate, in particular regarding the sale of property, and is therefore, a core matter pursuant to 28 U.S.C. §157(b)(2).

2. Venue in this Court is proper pursuant to 28 U. S. C. § 1409.

3. The statutory basis for the relief requested herein is Section 363 of the United States Bankruptcy Code (the **"Code"**) and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the **"Rules"**).

## FACTS

4. On or about June 5, 2020, Feji Transporters, LLC (the **"Debtor"**) filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code. Scott Seidel was appointed chapter 7 Trustee (the **"Trustee"**) and continues to serve in that capacity.

5. The Debtor was engaged in a trucking business prior to filing and has listed personal property on schedule B (the **"Property"**).

6. Previously, the Trustee has filed an application to employ Rosen Systems, Inc., [Doc. No. 6] by and through Kyle Rosen (**"Rosen"**)**,** as auctioneer for the estate of the above referenced Debtor as Rosen Systems, Inc. has advertised public auctions.

## RELIEF REQUESTED

7. The Trustee hereby moves the Court to order, pursuant to 11 U.S.C. §§ 363 (b), (f), and (m), that the Trustee may sell, other than in the ordinary course of business, at auction to be conducted by Rosen in accordance with Rosen's normal and customary auction procedures to the highest bidder as the Buyer for cash.

8. The Trustee moves the Court that Rosen be authorized to sell the property via Internet auctions currently scheduled to be held beginning on August 18, 2020.

9. The Trustee requests that the Trustee be authorized to sell the property and hold the proceeds subject to further order of this Court.

10. The Trustee moves the Court for authority to sell the property FREE AND CLEAR of any and all liens, pledges, claims, security interests, encumbrances and other interests of any kind; and, that any and all such liens, pledges, claims, security interests, encumbrances and other interests of any kind that may be held against the property shall attach solely to the sale proceeds, after costs and expenses, including Trustee's commissions and expenses and auctioneer fees and expenses associated with the sale of the property pursuant to 506 (c) of the United States Bankruptcy Code and otherwise.

11. The Trustee requests that he be authorized, approved, and directed to execute any and all documents and instruments reasonable, necessary and appropriate to consummate the sale and transfer of the property.

12. The Trustee requests an order to authorize, approve and confirm that any entity closing the sale and transfer of the property and any federal, state, and local governmental agency or department requiring any documents to be executed in connection with the sale and transfer of the property accept the sole signature of the Trustee on behalf of the Debtor.

13. The Trustee requests that the Trustee, Rosen and any buyer be authorized and

directed to take any and all reasonable and necessary actions to consummate and close the sale of the property and to execute any and all additional documents and instruments of assignment, transfer and sale that are reasonable, necessary and appropriate to implement and effectuate the closing of the sale without further order of this Court.

14. The Trustee requests this Court to retain jurisdiction over the transaction involving the sale of the property to determine any claims, disputes or causes of action arising out of or relating to the sale of the property or to any disposition of the sale proceeds.

15. The Trustee moves the Court to order that the sale of the property shall be as is, with all faults, and without warranties, express or implied, by the estate or the Trustee.

16. The Trustee further moves the Court to order that the provisions of Bankruptcy Rule 6004(h) shall not apply to the sale of the property.

17. A true, complete, and correct copy of this Motion has been served upon the creditors and parties-in-interest listed on the matrix on file in this case.

18. Under the circumstances, the Trustee submits that such notice is adequate and appropriate.

19. The Trustee reserves his right, in his sole discretion, to withdraw from any sale any time.

20. The Trustee is of the opinion and belief (i) that this Motion is in substantial compliance with all relevant authority (ii) that he has exercised his sound business judgment regarding the requested sale or sales and procedures regarding the sale of the property as set forth herein; (iii) that the purchase price that will be generated and accepted by the sale and procedures proposed in this Motion are fair and reasonable and in the best interests of the estate, and the creditors of this bankruptcy estate; and, (iv) that the Motion should be granted in all respects.

4

WHEREFORE, the Trustee prays for the approval of the sale of the property at the hearing hereon and upon the terms and conditions set forth in the Motion, and prays for such other and further relief, legal or equitable, to which the Trustee may be justly entitled.

Respectfully submitted,

*/s/ Scott M. Seidel*
State Bar No. 17999450
6505 W. Park Blvd., Suite 306
Plano, Texas  75093
Telephone:  214-234-2500
scott@scottseidel.com
PROPOSED COUNSEL FOR
THE CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served upon the United States Trustee, Debtor's counsel, all parties who receive electronic notification in this and the parties on the attached service list on this the 22nd day of July 2020.

*/s/ Scott M. Seidel*